**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50134 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-01112-BEN-1 |
| v. | |
| ALEJANDRO MARTINEZ-CASTRO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted February 7, 2012[**]
Pasadena, California

Before: KOZINSKI, Chief Judge, O'SCANNLAIN and N.R. SMITH, Circuit
Judges.

Alejandro Martinez-Castro stands convicted of illegal reentry in violation of

8 U.S.C. §§ 1326(a) and 1326(b). He appeals the district court's refusal to

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

suppress evidence garnered from what he argues was an illegal stop. "[W]hen [a Customs and Border Patrol] officer's observations lead him reasonably to suspect that a particular vehicle may contain aliens who are illegally in the country, he may stop the car briefly and investigate the circumstances that provoke suspicion." *United States v. Brignoni-Ponce*, 422 U.S. 873, 881 (1975). Given the totality of circumstances, such reasonable suspicion existed here. *See United States v. Garcia-Barron*, 116 F.3d 1305, 1307 (9th Cir. 1997).

Even if there were no reasonable suspicion, Martinez-Castro would not be entitled to suppress the identity evidence to which he objects. *See, e.g.*, *United States v. Ortiz-Hernandez*, 427 F.3d 567, 577 (9th Cir. 2005).

**AFFIRMED.**